United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41533
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EUGENE ANTHONY LAURENT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-18-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Eugene Anthony Laurent appeals the sentence imposed after his guilty-plea conviction for conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. He argues that the district court erred by increasing his offense level by two for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).

    The district court's decision to apply U.S.S.G. § 2D1.1(b)(1) is a factual determination subject to review only

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for clear error.  <u>United States v. Devine</u>, 934 F.2d 1325, 1339 (5th Cir. 1991).  Because Laurent failed to present any rebuttal evidence at sentencing, the district court was free to adopt the facts in the presentence report without further inquiry.  See <u>United States v. Mir</u>, 919 F.2d 940, 943 (5th Cir. 1990).

At sentencing, Laurent did not dispute that the firearm in question was possessed by a co-defendant.  Moreover, the presentence report contained sufficient facts for the district court to conclude that drugs and the co-defendant's firearm were thrown from the vehicle occupied by Laurent and his co-defendants on November 22, 2002.  The presentence report also noted that Laurent had $727 on his person when he was arrested, even though he was unemployed, and that Laurent told the probation officer that the drugs in the vehicle on November 22, 2002, were for distribution.  Accordingly, based upon the unrebutted evidence in the presentence report, it was not clear error for the district court to apply the adjustment for possession of a firearm as Laurent could reasonably foresee that his co-defendant possessed a firearm as a tool of the trade in their drug conspiracy.  See U.S.S.G. § 2D1.1, comment. (n.3); <u>United States v. Eastland</u>, 989 F.2d 760, 770 (5th Cir. 1993); <u>United States v. Aguilera-Zapata</u>, 901 F.2d 1209, 1215 (5th Cir. 1990).

AFFIRMED.